IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY ARAGON, § | | |
|     ID #16220-509, § | | |
|         Petitioner, § | | |
| § | | |
| v. § | No. 3:25-CV-1981-X-BW | |
| § | | |
| WARDEN OF FCI SEAGOVILLE § | | |
| SATELLITE CAMP, § | | |
|         Respondent. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Henry Aragon, proceeding in this action pro se, has failed to prosecute this action and follow court orders. The undersigned United States magistrate judge recommends that, unless he comes into compliance during the 14-day period within which he may file objections to this recommendation, the District Judge should **DISMISS** this action pursuant to Fed. R. Civ. P. 41(b).

Aragon initiation this action when, on July 30, 2025, the clerk received a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dkt. No. 3.) In the petition, Aragon alleges that he is confined at FCI Seagoville in service of a federal prison sentence. (*Id.* at 1.) Through the petition, Aragon seeks a court order requiring the Bureau of Prisons to recalculate his prison sentence, consider him for

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

participation in the Residential Drug Abuse Program, and apply credits to his sentence under the First Step Act. (*Id.* at 2.)[2]

On August 5, 2025, the undersigned noted Aragon's failure to submit his petition on the proper form and, thus, ordered him to complete, sign, and return the § 2241 form within 30 days. (Dkt. No. 6.) Aragon was provided a copy of the standard form. (*See id.*) After his deadline passed and Aragon did not comply, the undersigned provided him another opportunity to complete the form. On October 24, 2025, the undersigned again ordered Aragon to submit an amended petition on the standard form for § 2241 petitions within 30 days. (Dkt. No. 7.) The clerk again provided the standard form. (*See id.*) Aragon was warned that failure to do so may would result in a recommendation that this action be dismissed under Fed. R. Civ. P. 41(b). Aragon's extended deadline has long passed, and he has not submitted the amended petition, nor has he filed anything in this action since the initiating documents received on July 30.

Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a Federal Rule of Civil Procedure or a court order." *Smith v. Resurgent Capital Servs. LP, LLC*, No. 3:24-CV-197-B-BN, 2024 WL 2278210, at *1 (N.D. Tex. May 1, 2024) (internal quotation marks and brackets omitted). "This authority 'flows from the court's inherent power to control its docket

---

[2] The undersigned notes that the petition and accompanying motion to compel application of sentence credits (Dkt. No. 4) do not bear indicia of having been filed by Aragon. For example, they do not bear Aragon's signature, nor do they show that the items were mailed by Aragon to the clerk.

and prevent undue delays in the disposition of pending cases.'" *Id.* at *2 (quoting *Boudin v. Graystone Inc. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By failing to comply with the court orders requiring Aragon to submit a form petition—and, thus, provide all the information required therein—he has precluded this case from proceeding. In light of his failure to take a basic and necessary step to prosecute the case, the undersigned determines that sanctions less than dismissal would be futile. The undersigned therefore recommends that this action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and follow orders of the court.

**SO RECOMMENDED** on January 2, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).